**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES ANTHONY CLARK,

    Defendant - Appellant.

No. 14-5149
(N.D. Oklahoma)
(D.C. No. 4:14-CR-00032-JHP-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

---

Defendant James Clark appeals from a judgment of the United States District

Court for the Northern District of Oklahoma, which revoked his supervised release and

---

[*] After examining the brief and appellate record, this panel has determined unanimously to honor the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imposed a 10-month term of imprisonment followed by a 26-month term of supervised release. After reviewing the record and finding no issues that could support an appeal, Defendant's appellate counsel filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967) (defense attorney who concludes after conscientious examination that an appeal would be "wholly frivolous" may "so advise the court and request permission to withdraw"); *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005); 10th Cir. R. 46.4(B)(1). Defendant and the government had the opportunity to respond to counsel's filings but did not do so. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Based on our own "full examination of all the proceedings," *Anders*, 386 U.S. at 744, we agree with counsel that there are no nonfrivolous issues for appeal. We therefore dismiss this appeal and grant counsel's motion to withdraw.

Defendant had been convicted of possession with intent to distribute 100 kilograms or more of marijuana and sentenced to 18 months in prison and four years of supervised release. In April 2014, Defendant's probation officer filed an Order on Supervised Release alleging that Defendant had violated several release conditions, including by failing to provide urine specimens for drug testing on numerous occasions and by testing positive for amphetamines in December 2013. On April 29 Defendant was released to enter into inpatient drug treatment.

Defendant was unsuccessfully discharged from the drug-treatment program on August 28, 2014, for violating program rules and testing positive for amphetamines. In

2

September 2014 the probation officer filed a Superseding Order on Supervised Release alleging violations of supervised-release conditions occurring before and after Defendant entered the program. The Superseding Order attached a document that notified Defendant of the test result and advised that use of prohibited substances constituted a violation of his release conditions and that he had a right to a hearing to determine whether he had violated his release conditions. Defendant signed this document, attesting that he had read and understood the notice and was aware of his rights, and checked a box next to the statement, "I admit to illegal use of a prohibited controlled substance as indicated by the above-reported urine test result." R., Vol. I at 32.

When Defendant appeared before the district court on November 21, 2014, his counsel stated that Defendant had been advised of his right to a hearing on the Superseding Order and that it was "his desire to waive his right to that hearing and to stipulate to the allegations that are made therein." *Id.*, Vol. II at 8. The court confirmed with Defendant that he wished to waive the hearing, and that he understood the rights he would be giving up if he did. When asked again if he wanted to waive the hearing, Defendant replied, "Yes, sir. I think this is probably wasting enough of your time." *Id.* at 10. He also indicated his understanding that the court could revoke his supervised release and could impose a sentence in accordance with the imprisonment range of 8 to 14 months recommended in USSG § 7B1.4 or a sentence of up to 36 months' imprisonment on Defendant's original offense under 18 U.S.C. § 3583(e)(3).

3

After reconfirming that Defendant wished to waive an evidentiary hearing, the court stated that it found by a preponderance of the evidence that Defendant had violated his supervised-release conditions and recited the numerous violations alleged by the probation officer. The court did not ask Defendant to affirm that he stipulated to the probation officer's allegations. But Defendant addressed the court without contesting his counsel's representation at the outset of the hearing that he wished to stipulate to the allegations, and without advising the court that he disputed any allegation. The court revoked Defendant's supervised release and imposed a sentence of 10 months' imprisonment with a 26-month term of supervised release. Defendant timely appealed.

The *Anders* brief notes the following as rendering Defendant's appeal wholly frivolous: (1) Defendant stipulated through counsel to the Superseding Order's allegations that he violated numerous supervised-release conditions, and personally waived his right to an evidentiary hearing with an understanding of what the hearing entailed. (2) There was no arguable error in the district court's acceptance of the stipulation and waiver or its revocation decision. (3) The sentence is within the correctly calculated range recommended by the applicable guidelines policy provisions and so is presumed to be reasonable, and no claim overcomes that presumption. After conducting a full review of the record, we agree with counsel that there are no nonfrivolous grounds for appeal.

We DISMISS the appeal and GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge